23CA1061 Peo v Viars 12-18-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA1061
El Paso County District Court No. 19CR7879
Honorable Deborah J. Grohs, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Jeffrey Carl Viars,

Defendant-Appellant.

---

JUDGMENT AFFIRMED

Division V
Opinion by JUDGE PAWAR
Freyre and Yun, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 18, 2025

---

Philip J. Weiser, Attorney General, Jenna Baker, Assistant Attorney General Fellow, Denver, Colorado, for Plaintiff-Appellee

Mark G. Walta, Alternate Defense Counsel, Littleton, Colorado, for Defendant-Appellant

¶ 1    Defendant, Jeffrey Carl Viars, appeals his convictions of various offenses arising out of an incident in which he broke into his child's mother's apartment. We affirm.

I.    Background

¶ 2    The victim and Viars were involved in an on-and-off romantic relationship and had a son together. The victim lived in an apartment with their one-year-old son. There was a protection order in place prohibiting Viars from being in the victim's home and contacting her.

¶ 3    Despite the protection order, the victim sometimes allowed Viars into her home. In July 2019, the Department of Human Services told her that failing to comply with the protection order (letting Viars into her home) could affect her parental rights. A few months later, in September 2019, the victim moved to remove the protection order. That motion was denied.

¶ 4    On December 9, 2019, two days before the charged offenses took place, Viars was at the victim's home when the victim told him to leave and locked him out. For the next two days, Viars stayed in a car behind the victim's home, periodically yelling up to her asking

1

for various items or to use the bathroom.  The victim ignored these requests.

¶ 5    On December 11, 2019, Viars used a tire iron to break into the victim's locked apartment.  Once inside, he saw that the victim was on the phone with the police and left.

¶ 6    Viars was charged with second degree burglary, first degree criminal trespass, possession of burglary tools, violation of a protection order, and criminal mischief.  All the charges were based on the events of December 11.  Consequently, it was not clear whether the pre-December 11 events described above would be relevant and admissible at trial.

¶ 7    Before trial, the prosecution moved to admit various incidents that occurred between Viars and the victim before December 11 as res gestae or under CRE 404(b).  In a written pretrial ruling, the court determined that only two pre-December 11 events were admissible: the existence of the protection order and the denial of the victim's motion to remove the protection order.

¶ 8    At trial, the court decided that defense counsel's cross-examination of the victim opened the door to admitting evidence of additional pre-December 11 events, including the victim's testimony

that in the weeks leading up to December 11, Viars would sometimes become angry and destroy her property. The jury found Viars guilty of the charged offenses and he was convicted and sentenced accordingly.

¶ 9 Viars appeals, arguing that the trial court erred by (1) determining that defense counsel opened the door to the admission of additional pre-December 11 evidence; (2) constructively amending the criminal mischief charge; and (3) convicting him of criminal mischief despite insufficient evidence of that offense. We conclude that none of these arguments warrant relief.

## II. Opening the Door

¶ 10 We review a trial court's ruling that defense counsel opened the door to admitting otherwise inadmissible evidence for an abuse of discretion. *People v. Johnson*, 2021 CO 35, ¶ 16. Even if the trial court abused its discretion, we need not reverse if the error was harmless. *See Pernell v. People*, 2018 CO 13, ¶ 25. An evidentiary error is harmless if the properly admitted evidence overwhelmingly establishes the defendant's guilt. *Id.* We conclude that regardless of whether the trial court abused its discretion by admitting the

challenged testimony from the victim, the evidence of Viars' guilt was overwhelming.

¶ 11    In his trial testimony, Viars admitted to violating the protection order.  He also admitted to having "popped the lock open" with a tire iron to enter the victim's home.  And the evidence was undisputed that Viars breaking into the victim's home caused some damage.  Thus, regardless of whether the victim's challenged testimony was admissible, Viars' own testimony overwhelmingly established his guilt.  We therefore conclude that this alleged error does not warrant relief.

### III.    Alleged Constructive Amendment

¶ 12    The complaint and information charged Viars with criminal mischief, alleging that he caused aggregate damage of less than $300.  The jury instructions did not require the jury to find that Viars caused a specific dollar amount of damage, only that he caused damage.  Viars contends that this discrepancy constituted a constructive amendment.  We disagree.

¶ 13    A constructive amendment occurs if a court "changes an essential element of the charged offense and thereby alters the substance of the charging instrument." *People v. Hoggard*, 2017

4

COA 88, ¶ 27 (quoting *People v. Rodriguez*, 914 P.2d 230, 257 (Colo. 1996)), *aff'd on other grounds*, 2020 CO 54. Crucially, the essential elements of criminal mischief do not include the value of the damage caused.

¶ 14    Section 18-4-501(1), C.R.S. 2019,[1] sets out these essential elements: "A person commits criminal mischief when he or she knowingly damages the real or personal property of one or more other persons . . . in the course of a single criminal episode." In subsection (4) the statute explains that criminal mischief is a different class of crime (misdemeanor or felony) based on the dollar value of damage caused. § 18-4-501(4). This makes the dollar amount of the damage a sentence enhancer for criminal mischief, not an element of the offense. *People v. Knapp*, 2020 COA 107, ¶ 78 ("[T]he value of the property damaged operates as a sentence enhancer rather than an element of the offense of criminal mischief.").

---

[1] Because the relevant portions of section 18-4-501, C.R.S. 2019, have been amended, we cite the version in effect on the date the incident occurred. *See* Ch. 462, sec. 210, § 18-4-501(4), 2021 Colo. Sess. Laws 3178.

¶ 15    Thus, the discrepancy between the charging document and the jury instructions involved only a sentence enhancer, not an essential element of the offense.  And because a constructive amendment must impact an essential element of the offense, there was no constructive amendment here.  *See Hoggard*, ¶ 27.

¶ 16    Viars presents no other argument about why the absence of an instruction or interrogatory on the amount of damage caused was error, so we do not address this issue further.

## IV.    Sufficiency of the Evidence

¶ 17    Lastly, Viars argues that the evidence was insufficient to support the criminal mischief conviction because the prosecution presented no evidence of the dollar amount of the damage he caused.  As we understand it, Viars concedes, and we agree, that there was sufficient evidence to support the jury's determination that he caused *some* damage.  He contends only that there was no evidence to support the specific dollar amount of that damage.  We conclude that no such evidence was necessary.

¶ 18    Viars was convicted of criminal mischief as a class 3 misdemeanor, which at the time applied to criminal mischief offenses involving damage of "less than three hundred dollars."

6

§ 18-4-501(4)(a). Again, Viars concedes that he caused some damage. And say he is correct that the prosecution presented no evidence of the dollar amount of that damage. This would mean that the prosecution had proved that Viars caused zero dollars of damage. Because zero dollars is less than three hundred dollars, this was sufficient to prove criminal mischief as a class 3 misdemeanor under section 18-4-501(4)(a). We therefore reject Viars' sufficiency argument.

## V. Disposition

¶ 19 The judgment of conviction is affirmed.

JUDGE FREYRE and JUDGE YUN concur.